ELYSE R. MEYER, Plaintiff-Appellee, v. JAMES E. MEYER, Defendant-Appellant.

Fifth District   No. 5—90—0584

Opinion filed December 26, 1991.

358

William C. Evers III, of Collinsville, for appellant.

David M. Fahrenkamp, of Edwardsville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:
Defendant, James E. Meyer, appeals from a judgment of the circuit court of Madison County which (1) found him in contempt of court for failure to make child support payments and ordered him to pay plaintiff, Elyse Meyer, past-due child support in the amount of $100; (2) reduced his future child support obligations from $275 a month to $75 a month; (3) found that plaintiff was entitled to a sum equal to one-half of the fair market rental value of the former marital residence for the period during which defendant's girl friend lived with him there; and (4) ordered defendant to pay $80 of plaintiff's attorney fees. We reverse and remand for further proceedings.

The marriage between plaintiff and defendant was dissolved in a judgment entered on February 23, 1989. At the time of the dissolution, the parties had two sons, Daniel and Kristian. Under the terms

of judgment, plaintiff was given primary physical custody of Kristian, while defendant was given primary physical custody of Daniel. Plaintiff received no maintenance, but defendant was required to pay her child support for Kristian in the amount of $275 per month. There were also various provisions for the distribution of the parties' property. Chief among them was that defendant had "the right to the exclusive possession of the marital home for a period of six (6) years or until his remarriage."

In April of 1990, some 14 months after the judgment of dissolution, defendant petitioned the court to terminate his obligation to pay child support to plaintiff. The basis for this request was that Kristian no longer resided with plaintiff and was, in fact, emancipated. Two months later, defendant filed a supplementary motion asking that plaintiff be required to reimburse him for all past child support payments he had made to her following Kristian's emancipation.

Plaintiff responded shortly thereafter by moving to have defendant's girl friend ousted from the marital residence and to have the house sold pursuant to conditions set forth in the dissolution judgment. Plaintiff's motion also claimed that she was entitled to certain rental payments for the period during which the girl friend lived with defendant in the house. In addition, plaintiff moved to have defendant held in contempt of court on the grounds that he had ceased making child support payments to her after filing his motion to terminate and was now $1,100 in arrears.

The court ruled on these motions following a hearing held August 13, 1990. Although the court found that Kristian had been in the Job Corps since September of 1989 and had not resided with plaintiff since that time, it refused to relieve defendant of his past child support obligations. It did, however, reduce defendant's payments from $275 per month to $75 per month for the period between April of 1990, when defendant filed his motion to terminate those payments, and September of 1990, when Kristian was to turn 18. The court also ruled that defendant could cease making all child support payments for Kristian as of September 1, 1990.

In the same order, the court found defendant in contempt of court for unilaterally terminating his support payments after filing his motion to terminate but held that the contempt was not willful. It ordered him to pay an arrearage of only $100, not the $1,100 requested by plaintiff, and to pay $80 of plaintiff's attorney fees. The court also denied plaintiff's request that the marital residence be sold. However, it did find that defendant was obligated to "reimburse plaintiff 1/2 of the fair market rental value from June 1, 1990, [when defendant's girl

friend first occupied the marital residence] until the [girl] friend vacates the premises." The reimbursement was to be in the form of a credit "which shall be paid by the [defendant] at the time the marital home is sold."

On this appeal, defendant argues that the circuit court acted improperly in requiring him to reimburse plaintiff for one-half of the fair market rental value of the marital residence. We agree. The original judgment of dissolution stated: "The husband shall have the right to the exclusive possession· of the marital home for a period of six (6) years or until his remarriage." An award of exclusive possession of a marital residence is in the nature of a property settlement. This is so even where, as here, the right to exclusive possession is not permanent but will terminate upon some future contingency such as remarriage. (*In re Marriage of Christianson* (1980), 89 Ill. App. 3d 167, 173, 411 N.E.2d 519, 524.) By holding that defendant was obligated to pay plaintiff one-half of the fair market rental value of the house, the circuit court was, in effect, modifying this property settlement. The order cannot be construed in any other way. It had nothing to do with maintenance to plaintiff, for she demanded no maintenance. Nor did it have anything to do with defendant's child support obligations. Its sole purpose was to place a new condition on defendant's right to the property after he began using it in a way that plaintiff did not like.

■ The law in this State is clear that the provisions of a dissolution judgment governing property disposition "may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." (Ill. Rev. Stat. 1989, ch. 40, par. 510(b); *In re Marriage of Clark* (1986), 149 Ill. App. 3d 613, 618, 500 N.E.2d 1092, 1095.) In this case, the circuit court made no finding that the judgment should be reopened, and plaintiff never claimed that conditions existed which would justify its being reopened. The award of rental payments to plaintiff was therefore plainly improper and must be set aside.

■ We must also set aside the circuit court's judgment to the extent that it denied defendant's right to reimbursement for previous child support payments and ordered him to continue paying additional sums, plus an arrearage. Section 510(d) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 510(d)) provides that "[u]nless otherwise agreed in writing or expressly provided in the judgment, provisions for the support of a child are terminated by emancipation of the child." Although extraordinary circumstances must exist before a court will allow support to terminate

where, as here, a child has yet to reach the age of majority (*In re Marriage of Wilde* (1986), 141 Ill. App. 3d 464, 476, 490 N.E.2d 95, 103), we believe that such circumstances were present in this case.

Defendant established that Kristian enrolled in the Job Corps and moved out of plaintiff's house on September 23, 1989. He never returned, except for brief visits on weekends and holidays. He did not even reside in this State. According to the evidence, he lived in a Job Corps Center in Indiana for the first five months he was in the program. He subsequently moved to a Job Corps Center in St. Louis, Missouri, where he completed his service. The Corps enabled Kristian to be self-sufficient. It provided him with room and board, clothing (after an initial 90- or 120-day period), medical care, vocational training and spending money.

Once he was in the Corps, Kristian asked nothing from defendant, his father, and plaintiff's contributions were reduced to little more than giving him a place to stay, food to eat and other incidentals when he came into town to visit her. Although Kristian did leave the Corps shortly before his eighteenth birthday, he never returned to plaintiff's care or custody. Even when he eventually relocated to the same town where she lived, he chose to stay not with her, but with a friend. There is no evidence that he did this for anything other than a desire to remain independent of his parents, and his actions manifest a permanent abandonment of the parental home.

Plaintiff nevertheless contends that Kristian cannot be deemed emancipated because no formal order of emancipation was obtained pursuant to the provisions of the Emancipation of Mature Minors Act (Ill. Rev. Stat. 1989, ch. 40; par. 2201 *et seq.*). This argument is wholly without merit. The Act does not provide the exclusive method for obtaining emancipation of a minor under Illinois law, and the terms of the Act explicitly so state. See Ill. Rev. Stat. 1989, ch. 40, par. 2202.

Plaintiff argues, in the alternative, that defendant should only be relieved of his child support obligations for the period following the date on which he filed his motion to terminate. Correspondingly, she claims that he is not entitled to recover any of the support payments he made to her before then. Plaintiff's position is based on the principle that installments of child support become vested when they accrue and that vested installments can be neither terminated nor modified. (*In re Marriage of McDavid* (1981), 97 Ill. App. 3d 1044, 1050, 425 N.E.2d 442, 447; Ill. Rev. Stat. 1989, ch. 40, par. 510(a).) What plaintiff fails to appreciate is that no installments accrued here, and therefore none become vested, following Kristian's emancipation.

Upon Kristian's emancipation, defendant's support obligations automatically ended by operation of law under section 510(d) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 510(d)). Defendant was not required to go through the formality of obtaining another court order to confirm this, just as he would not have been required to obtain such an order had Kristian become emancipated by virtue of having attained his majority or enlisted in the armed forces. We would reach a different conclusion had the case involved unallocated support payments for multiple children, for in such cases the parent responsible for tendering the payments cannot make a unilateral *pro rata* reduction in the amount he or she pays when one of the children becomes emancipated, absent an agreement to the contrary. (See *In re Marriage of Erickson* (1985), 136 Ill. App. 3d 907, 914, 483 N.E.2d 692, 698.) That situation, however, is not present here. In the matter before us, all of the disputed payments were allocated to Kristian and Kristian alone.

In sum, plaintiff had absolutely no right to the child support payments made by defendant for the period following Kristian's emancipation on September 23, 1989. The only reason defendant continued to make child support payments for Kristian after that time is that he was not aware that the emancipation had taken place. Plaintiff did not tell him about it, even though the dissolution judgment itself expressly obligated her to keep him advised at all times of Kristian's residence. On defendant's motion, the circuit court should therefore have terminated defendant's support obligations retroactively to September 23 and ordered plaintiff to return the child support payments to which she was not entitled. Correspondingly, the circuit court should have denied plaintiff's petition for a rule to show cause, and defendant should not have been held in contempt. See *In re Marriage of Erickson* (1985), 136 Ill. App. 3d 907, 915-16, 483 N.E.2d 692, 699.

■ Finally, we must reverse the circuit court's ruling that defendant was obligated to pay $80 of plaintiff's attorney fees. The circuit court gave absolutely no indication of why it was making that award. The only explanation we can find is that in holding defendant in contempt, the circuit court believed that he had acted without "cause or justification" within the meaning of section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 508(b)). As we have just suggested, however, defendant was entirely justified in proceeding as he did. The award of attorney fees to plaintiff was therefore improper. *In re Marriage of Lavelle* (1990), 206 Ill. App. 3d 607, 614, 565 N.E.2d 291, 295.

For the foregoing reasons, the August 13, 1990, judgment of the circuit court of Madison County is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HOWERTON and CHAPMAN, JJ., concur.